■ FLAGSTAR BANK, F.S.B., Respondent, v CHARLES KONIG et al., Appellants, et al., Defendants. [60 NYS3d 360]—

In an action to foreclose a mortgage, the defendants Charles Konig and Janet Konig appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated October 22, 2015, which granted the plaintiff's cross motion to confirm a referee's report dated February 25, 2015, finding that the plaintiff had standing to prosecute this action, and, upon confirming the report, granted the plaintiff's motion for summary judgment on the complaint, denied their cross motion to dismiss the complaint, and, in effect, denied their motion to disaffirm the referee's report.

Ordered that the order is affirmed, with costs.

Contrary to the contention of the defendants Charles Konig and Janet Konig (hereinafter together the defendants), the Supreme Court properly granted the plaintiff's cross motion to confirm a referee's report dated February 25, 2015, finding that the plaintiff had standing to prosecute this action, and, upon confirming the report, correctly granted the plaintiff's motion for summary judgment on the complaint, denied their cross motion to dismiss the complaint, and, in effect, denied their motion to disaffirm the referee's report.

In a mortgage foreclosure action, the plaintiff establishes its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726 [2017]; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d 903, 904 [2015]; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [2015]; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684 [2015]). Where, as here, the defendants raised the defense of standing, the plaintiff must prove its standing as part of its prima facie showing (see Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899 [2016]; Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987 [2016]; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d at 904).

The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the ref-

eree has clearly defined the issues and resolved matters of credibility (*see Thomas v Thomas*, 21 AD3d 949, 949 [2005]; *Pittoni v Boland*, 278 AD2d 396 [2000]; *Stone v Stone*, 229 AD2d 388 [1996]). Here, the Referee's finding that the plaintiff had standing to prosecute this action was substantially supported by the record. The plaintiff established that it was the holder of the note, as it was in physical possession of the note at the time of the commencement of the action (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 685 [2016]). Moreover, in support of its motion for summary judgment on the complaint, the plaintiff established, prima facie, its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendants' default. In opposition, the defendants failed to raise a triable issue of fact.

Therefore, the Supreme Court properly granted the plaintiff's cross motion to confirm the referee's report, granted the plaintiff's motion for summary judgment on the complaint, denied the defendants' cross motion to dismiss the complaint, and, in effect, denied the defendants' motion to disaffirm the referee's report. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.