33-37 Farrington, LLC v Global Universal Group, Ltd. (2018 NY Slip Op 07081)





33-37 Farrington, LLC v Global Universal Group, Ltd.


2018 NY Slip Op 07081


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-12593
2016-12595
2017-00648
 (Index No. 1491/12)

[*1]33-37 Farrington, LLC, respondent,
v
Global Universal Group, Ltd., appellant, et al., defendants.


Victor Tsai, Brooklyn, NY, for appellant.
Wilk Auslander LLP, New York, NY (Pamela L. Kleinberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Global Universal Group, Ltd., appeals from (1) an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered October 26, 2016, (2) a judgment of foreclosure and sale of the same court entered October 31, 2016, and (3) an amended judgment of foreclosure and sale of the same court entered December 23, 2016. The order entered October 26, 2016, insofar as appealed from, denied the motion of the defendant Global Universal Group, Ltd., to dismiss the complaint insofar as asserted against it on the grounds of fraud and unclean hands. The judgment of foreclosure and sale and the amended judgment of foreclosure and sale, insofar as appealed from, upon a Referee's report of the same court dated September 12, 2014, and so much of an order of the same court dated October 13, 2015, as granted those branches of the plaintiff's motion which were to confirm the Referee's report and for an award of an attorney's fee, and denied that branch of the cross motion of the defendant Global Universal Group, Ltd., which was to reject stated portions of the Referee's report, are in favor of the plaintiff and against the defendant Global Universal Group, Ltd., in the sum of $10,757,286.04, with interest thereon payable at a rate of 18%, and an attorney's fee in the sum of $26,465.
ORDERED that the appeals from the order entered October 26, 2016, and the judgment of foreclosure and sale are dismissed; and it is further,
ORDERED that the amended judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered October 26, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment of foreclosure and sale (see CPLR 5501[a][1]). The appeal from the judgment of foreclosure and sale must be dismissed because [*2]the judgment of foreclosure and sale was superseded by the amended judgment of foreclosure sale.
In January 2012, Woori American Bank (hereinafter Woori) commenced this action against Global Universal Group, Ltd. (hereinafter Global), among others, to foreclose a mortgage secured by real property located in Flushing, Queens. Thereafter, Woori assigned the note, mortgage, and its interest in the action to SDF 19 Linden, LLC (hereinafter SDF). Subsequently, the Supreme Court granted Woori's motion for summary judgment on the complaint, appointed a referee to compute the amount due, and amended the caption to reflect SDF as the plaintiff.
After a hearing, the Referee issued a report dated September 12, 2014. SDF moved to confirm the report, for a judgment of foreclosure and sale, and for an award of costs and an attorney's fee. Global opposed the motion and cross-moved to reject the Referee's report and to strike the testimony of SDF's witness on evidentiary grounds. In an order dated October 13, 2015, the Supreme Court, inter alia, granted SDF's motion to confirm the Referee's report and for an award of costs and an attorney's fee, and denied Global's cross motion.
In March 2016, 33-37 Farrington, LLC (hereinafter Farrington), as assignee of the note and mortgage, moved by order to show cause to be substituted as plaintiff and to amend the caption accordingly. Global opposed Farrington's motion and moved to dismiss the complaint insofar as asserted against it on the grounds of fraud and unclean hands. By order entered October 26, 2016, the Supreme Court, inter alia, granted Farrington's motion and denied Global's motion to dismiss. The court also signed a judgment of foreclosure and sale entered October 31, 2016, and an amended judgment of foreclosure and sale entered December 23, 2016. Global appeals from the order entered October 26, 2016, the judgment of foreclosure and sale, and the amended judgment of foreclosure and sale, arguing, among other things, that the court should have rejected certain portions of the Referee's report which were based upon hearsay.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Thomas v Thomas, 21 AD3d 949, 949). Here, the Referee's findings with regard to the amount due under the note and mortgage are supported by the record. Any error in the admission of hearsay testimony at the hearing was harmless (see CPLR 2002; Barracato v Camp Bauman Buses, 217 AD2d 677, 678). Accordingly, we agree with the Supreme Court's determination granting SDF's motion to confirm the Referee's report.
Global's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court