Westchase Residential Assets II, LLC v Concepcion (2021 NY Slip Op 01800)





Westchase Residential Assets II, LLC v Concepcion


2021 NY Slip Op 01800


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-14032 
2018-14033
 (Index No. 135261/15)

[*1]Westchase Residential Assets II, LLC, respondent,
v
Tina Concepcion, appellant, et al., defendants.


Kristian Karl Larsen, Brooklyn, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tina Concepcion appeals from two orders of the Supreme Court, Richmond County (Desmond A. Green, J.), both dated September 19, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Tina Concepcion, to strike her answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The second order granted the plaintiff's separate motion to confirm the report of a Special Referee recommending that the court find that the action was not time-barred.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953).
Here, the plaintiff established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). In opposition, the defendant Tina Concepcion (hereinafter the defendant), who argued only that the action was time-barred, failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The report of the Special Referee, recommending that the Supreme Court find that the action is not barred by the statute of limitations, was properly confirmed, as the Special Referee's findings were substantially supported by the record (see Flagstar Bank, F.S.B. v Konig, 153 AD3d 790).
The defendant's remaining contention is without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur

2018-14032 DECISION & ORDER ON MOTION
2018-14033
Westchase Residential Assets II, LLC, respondent,
v Tina Concepcion, appellant, et al., defendants.
(Index No. 135261/15)

Motion by the respondent, inter alia, to strike stated portions of the appellant's brief on the ground that they improperly raise issues for the first time on appeal. By decision and order on motion of this Court dated December 19, 2019, the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they improperly raise issues for the first time on appeal was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief is granted, the second question presented on page 1, the second full paragraph on page 3, and Argument Section C on pages 9 and 10 are stricken, and the stricken material has not been considered in the determination of the appeals.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court