Courtview Owners Corp. v Courtview Holding, B.V. (2021 NY Slip Op 02511)





Courtview Owners Corp. v Courtview Holding, B.V.


2021 NY Slip Op 02511


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12518
 (Index No. 6913/08)

[*1]Courtview Owners Corp., appellant,
v
Courtview Holding, B.., et al., respondents.


David J. Aronstam, New York, NY, for appellant.
Belkin Burden Wenig & Goldman, LLP, New York, NY (Sherwin Belkin, Jeffrey L. Goldman, Robert A. Jacobs, and Magda L. Cruz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered October 19, 2017. The order, upon a decision of the same court dated April 6, 2017, granted the defendants' motion pursuant to CPLR 4403 to confirm a referee's report, made after a hearing, and denied the plaintiff's cross motion to reject, in part, the referee's report.
ORDERED that the order is affirmed, with costs.
The facts of this case are summarized in a prior order of the Supreme Court dated December 8, 2010 (see Courtview Owners Corp. v Courtview Holding, B.V., 30 Misc 3d 1211[A], 2010 NY Slip Op 52340[U] [Sup Ct, Queens County]). Following the issuance of an order of reference referring the action to a referee to hear and report, and after a hearing, the referee issued a report dated December 15, 2016. The defendants moved to confirm the referee's report in its entirety and the plaintiff cross-moved to reject it, except for the portion recommending that the plaintiff's first and second causes of action be found timely. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791). Here, we see no basis to disturb the referee's finding that the "[p]laintiff has failed to show that the lease is invalid or that the intention of the parties was to use only the terms set forth in the offering plan" (see US Bank Natl. Assn. v Kaur, 177 AD3d 1016).
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court