HSBC Bank USA, N.A.. v Sewell (2021 NY Slip Op 05850)





HSBC Bank USA, N.A.. v Sewell


2021 NY Slip Op 05850


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-13021
2017-13022
 (Index No. 17481/12)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Elaine J. Sewell, appellant, et al., defendants.


Law Firm of Dayrel Sewell, PLLC, Brooklyn, NY, for appellant.
Blank Rome, LLP, New York, NY (Jacquelyn A. DiCicco and Jonathan M. Robbin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elaine J. Sewell appeals from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 16, 2017, and (2) an order of the same court dated September 5, 2017. The order dated August 16, 2017, insofar as appealed from, (a) denied as untimely that branch of that defendant's motion which was to reject the report of a court attorney referee (Maxine L. Archer, Ct. Atty. Ref.), dated September 30, 2016, (b), in effect, confirmed the referee's report and determined that the plaintiff had standing to commence the action, (c), in effect, denied that branch of that defendant's separate motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her, and (d) granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference. The order dated September 5, 2017, insofar as appealed from, also granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Elaine J. Sewell and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order dated August 16, 2017, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Elaine J. Sewell and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated August 16, 2017, is affirmed insofar as appealed from, without costs or disbursements, so much of the order dated September 5, 2017, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Elaine J. Sewell and for an order of reference, and appointed a referee to compute the amount due to the plaintiff, are vacated, and the time for the defendant Elaine J. Sewell to serve and file an answer is extended to 10 days after service upon her of a copy of this decision and order; and it is further,
ORDERED that the appeal from the order dated September 5, 2017, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated August 16, 2017.
In August 2012, the plaintiff commenced this action against the defendant Elaine J. [*2]Sewell (hereinafter the defendant), among others, to foreclose a consolidated note and mortgage secured by real property located in Brooklyn. The defendant filed a pre-answer motion pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against her. In an order dated May 16, 2014, the Supreme Court denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1), and held that branch of the motion which was pursuant to CPLR 3211(a)(3) in abeyance pending a framed-issue hearing regarding the plaintiff's standing.
On September 30, 2016, after a framed-issue hearing, a court attorney referee issued a report finding that the plaintiff had established its standing. The report was filed on October 11, 2016. In February 2017, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. On August 1, 2017, the defendant moved, among other things, to reject the referee's report and for an order deciding that branch of her motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her. In an order dated August 16, 2017, the Supreme Court, inter alia, (a) denied as untimely that branch of the defendant's motion which was to reject the referee's report, (b), in effect, confirmed the referee's report and determined that the plaintiff had standing to commence the action, (c), in effect, denied that branch of the defendant's separate motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her, and (d) granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. In an order dated September 5, 2017, the court, among other things, again granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals from the orders dated August 16, 2017, and September 5, 2017.
"'A referee derives authority from an order of reference by the court, which can be made only upon the consent of the parties, except in limited circumstances'" (Albert v Albert, 126 AD3d 921, 922 [citation omitted], quoting Matter of McClarin v Valera, 108 AD3d 719, 719). "Absent the parties' consent to the reference, [a] Court Attorney Referee [has] the power only to hear and report [his or] her findings" (Matter of McClarin v Valera, 108 AD3d at 720). CPLR 4403 requires a motion to reject a referee's report to be made within 15 days of the filing of the report, while 22 NYCRR 202.44(a) requires the defendant to move to confirm or reject the report within 30 days after notice of the filing of the report.
Here, the Supreme Court properly denied as untimely that branch of the defendant's motion which was to reject the referee's report. The referee's report was filed on October 11, 2016, but the defendant did not move to reject the report until August 1, 2017, more than 270 days after the report was filed. The defendant thus failed to comply with CPLR 4403 and 22 NYCRR 202.44(a), rendering that branch of her motion which was to reject the report untimely (see Matter of Thomas v Murphy, 2 AD3d 1404; see also Sroka v Sroka, 255 AD2d 897, 898; Passaro v Henry, 251 AD2d 390, 390). As a result, the court properly, in effect, confirmed the referee's report and determined that the plaintiff had standing to commence the action.
The Supreme Court, however, erred in granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. In the order dated May 16, 2014, the court held that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) in abeyance pending the framed-issue hearing, and the defendant therefore had until 10 days after service of notice of entry of the order deciding that branch of the motion to file an answer (see CPLR 3211[f]; U.S. Bank N.A. v Trulli, 179 AD3d 740, 742). Since the court failed to issue an order deciding that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) prior to granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, the defendant's time to file an answer had not yet begun to run and the defendant therefore was not in default (see CPLR 3211[f]; U.S. Bank N.A. v Trulli, 179 AD3d at 742).
Contrary to the plaintiff's contention, the referee's report cannot be considered a determination that, in effect, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her, as there is no evidence in [*3]the record that the parties consented to the reference, and the referee therefore lacked the authority to determine the issue of standing conclusively (see Matter of Rose v Simon, 162 AD3d 1048, 1049; Matter of Rivera v Arocho, 120 AD3d 1350, 1351; Matter of McClarin v Valera, 108 AD3d at 720). However, since the August 16, 2017 order properly determined that the plaintiff established its standing, this order, in effect, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her. Accordingly, in the order dated August 16, 2017, the court should have directed the defendant to file an answer within 10 days after service of that order with notice of entry. The defendant therefore must be afforded an additional 10 days after service upon her of a copy of this decision and order to file an answer (see CPLR 3211[f]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court