Bank of Am., N.A. v Anderson (2023 NY Slip Op 02635)

Bank of Am., N.A. v Anderson

2023 NY Slip Op 02635

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-11398
 (Index No. 51606/14)

[*1]Bank of America, N.A., respondent,
v
Kimicho Anderson, et al., appellants, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Kimicho Anderson and Maxine Allan appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated August 30, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (David F. Everett, J.) dated August 31, 2018, and pursuant to CPLR 3025(b) for leave to amend their answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Kimicho Anderson and Maxine Allan (hereinafter together the defendants). The complaint alleged, inter alia, that the plaintiff was in possession of the properly endorsed note and that it had complied with RPAPL 1304. In their answer, the defendants alleged, among other things, that the plaintiff had acted in bad faith and that it failed to comply with RPAPL 1304.
On October 30, 2017, the Supreme Court granted the plaintiff's motion for summary judgment and an order of reference, upon the defendants' default in opposing the motion. In an order and judgment of foreclosure and sale dated August 31, 2018, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, again upon the defendants' default in opposing the motion.
In July 2019, the defendants moved, among other things, pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale, and pursuant to CPLR 3025(b) for leave to amend their answer. The defendants argued, inter alia, that the allonges to the note had been "robosigned" with fraudulent signatures, and that the plaintiff's RPAPL 1304 notice was insufficient. The defendants submitted a proposed amended answer, which added the affirmative defense of lack of standing. In an order dated August 30, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
The defendants' contentions that the plaintiff fraudulently "robosigned" allonges to the note and failed to comply with RPAPL 1304 amount to allegations of intrinsic fraud (see Chase Bank USA, N.A. v Laroche, 208 AD3d 845, 847). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). Since the defendants failed to even allege any reasonable excuse for either one of their defaults, the Supreme Court properly denied that branch of their motion which was pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale.
The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 3025(b) for leave to amend their answer, as the proposed amendment was patently devoid of merit (see CPLR 3025[b]; Bridgehampton Natl. Bank v D & G Partners, L.P., 186 AD3d 1310, 1311).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court