Belnord Partners LLC v Green Star Energy Solutions, LLC (2023 NY Slip Op 50721(U))

[*1]

Belnord Partners LLC v Green Star Energy Solutions, LLC

2023 NY Slip Op 50721(U)

Decided on July 14, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2023
Supreme Court, New York County

Belnord Partners LLC, Plaintiff,

against
Green Star Energy Solutions, LLC, Joseph A. Novella, Defendant.

Index No. 655787/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 55 were read on this motion to CONFIRM/DISAPPROVE AWARD/REPORT.
In this action, plaintiff Belnord Partners LLC (Belnord) entered into a construction contract with defendant Green Star Energy Solutions (Green Star) on October 15, 2018 for work to be performed on a DVM chiller plant located at 225 West 86th Street. Defendant Joseph A. Novella is the CEO of Green Star.
It is alleged that Green Star entered into several subcontracts but failed to pay the subcontractors and materialmen at least $550,000. The subcontractors thereafter filed liens against the construction project, and plaintiff allegedly incurred costs to ensure the project's completion, by paying the subcontractors, and bonding and discharging the liens. Belnord commenced this breach of contract action asserting claims against Green Star for fraud, accounting, contractual indemnity.
On March 27, 2020, this court (Hon. O. Peter Sherwood, J.) entered an order of default against Green Star for its failure to appear and answer the complaint (NYSCEF doc. no. 29). Plaintiff served defendants with notice of entry and the accompanying order on August 13, 2020, and thus began the one-year period within which defendants were permitted to move to vacate the order. Defendants failed to move to vacate.
A hearing on attorney's fees was held on June 8, 2022, and plaintiff was awarded attorney's fees in the amount of $130,896.30. Plaintiff now moves to confirm the Revised Referee's Report and Recommendations made by Special Referee Diego Santiago dated July 22, 2022 and seeks entry of plaintiff's request for damages in the amount of $648,900. Defendant Novella opposes the application and cross-moves to vacate the default judgment.
In motion sequence number 003, plaintiff seeks to confirm the referee's report awarding attorney's fees. "Generally, New York courts will look with favor upon a Referee's report, [*2]inasmuch as the Referee, as trier of fact, is considered to be in the best position to determine the issues presented" (Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705, 706 [1st Dept 1985]). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Courtview Owners Corp. v Courtview Holding, B.V., 193 AD3d 1032, 1033 [2d Dept 2021]).
Upon review of the documents submitted in support of this application, including the referee's report, it is this court's finding that the report should be adopted and confirmed in all respects. The findings of the referee are supported by the record and reasonably resolves the matters before this court. 
With respect to Novella's cross-motion, a party seeking to vacate a default judgment must demonstrate both a "reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., Inc., 67 NY2d 138, 141 [1986]; see also Mut. Marine Off., Inc. v Joy Const. Corp., 39 AD3d 417, 419 [1st Dept 2007] ["[a] party seeking to vacate a default must demonstrate both a reasonable excuse and the existence of a meritorious defense"]). "These two prerequisites for relief must be established through facts contained in affidavits submitted in support of the application" (Tandy Computer Leasing v Video X Home Lib., 124 AD2d 530, 531 [1st Dept 1986]).
Here, Novella cross moves to vacate the default, arguing that service was incomplete. Novella argues that at some time during the proceedings, he was deeply mentally distressed, was seeing a psychotherapist, and was heavily medicated to the point of lacking capacity. Novella disputes that he was personally served with the notice of default at any time.
Novella also refutes liability as a corporate officer of Green Star and denies being a personal signatory to the construction contract. He submits a proposed verified answer (NYSCEF doc. no. 54) that asserts, as an affirmative defense, that Belnord submitted frequent change orders, incurring additional costs for Green Star and refused to compensate them for those orders. Novella also argues in his answer that plaintiff failed to state a claim against him, because he was not a party to the contract.
Novella fails to proffer sufficient evidence to warrant vacating the default. First, courts have routinely failed to find a reasonable excuse where the moving party fails to provide sufficient evidence of a medical condition rendering appearance in court impossible. Where parties have claimed depression or other mental health conditions as here as a basis for their nonappearance, courts have found the lack of substantiation through medical documentation warrants denial of the motion (In re Male Jones, 128 AD2d 403, 404 [1st Dept 1987]; Murray v Giovannello, 208 AD3d 499, 500 [2d Dept 2022]).
Moreover, Mr. Novella fails to present a meritorious defense. "In order to demonstrate a meritorious defense, a party must submit an affidavit from an individual with knowledge of the facts [and] [t]he affidavit submitted from such individual must make sufficient factual allegations; it must do more than merely make conclusory allegations or vague assertion[s]" (Peacock v. Kalikow, 239 AD2d 188, 190 [1st Dept 1997]. Here, Novella makes largely conclusory allegations, merely asserting he was not a party to the underlying contract and merely signed as a corporate representative. These assertions do not rebut the allegations of fraud. Novella's cross-motion to vacate the default judgment is denied.
Accordingly, it is hereby
ORDERED that plaintiff's to confirm the referee's report (motion sequence no. 003) is [*3]granted; and the award rendered in favor of plaintiff and against defendants is confirmed; and it is further
ORDERED that defendant Novella's cross-motion to vacate the default is denied; and it is further
ORDERED that with 14 days of the date of this order, plaintiff shall submit a proposed judgment to the clerk of Part 43 for approval and entry.
Dated: July 14, 2023
Robert R. Reed, J.S.C.