Ridgewood Sav. Bank v Kapoor (2023 NY Slip Op 06396)

Ridgewood Sav. Bank v Kapoor

2023 NY Slip Op 06396

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-05776
2022-07516
 (Index No. 2604/16)

[*1]Ridgewood Savings Bank, respondent,
v
Sargam Kapoor, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sargam Kapoor appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated June 30, 2022, and (2) an order and judgment of foreclosure (one paper) of the same court, also dated June 30, 2022. The order granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Sargam Kapoor.
The appeal from the order dated June 30, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In October 2011, the defendant Sargam Kapoor (hereinafter the defendant) executed a note in the principal amount of $310,500, which was secured by a mortgage on certain real property located in Levittown. On March 23, 2016, the plaintiff commenced this action against the defendant, among others, to foreclose the subject mortgage, alleging that the defendant defaulted on his obligations under the note and mortgage by failing to make the monthly payments due.
By order dated August 8, 2018, the Supreme Court granted the plaintiff's motion for summary judgment, to strike the defendant's answer and affirmative defenses, and for an order of reference (hereinafter the order of reference). Insofar as relevant to this appeal, the order of reference appointed a referee "to ascertain and compute the amount due . . . [and] to determine whether the mortgaged premises can be sold in parcels."
Following a hearing, the referee issued a report of the amount due to the plaintiff, and found that the mortgaged premises should be sold in one parcel. The plaintiff moved, inter alia, to confirm the report of the referee and for a judgment of foreclosure and sale. The defendant opposed the motion. By order dated June 30, 2022, the Supreme Court granted the plaintiff's motion. On the same date, the court issued an order and judgment of foreclosure and sale, among other things, directing the sale of the mortgaged property. The defendant appeals.
The Supreme Court erred in granting the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946; HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). "However, computations based on the review of unidentified and unproduced business records . . . constitute inadmissible hearsay and lack probative value" (Bank of N.Y. Mellon v Conforti, 209 AD3d at 94 [alterations and internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 772).
Here, while the referee identified the documents he relied on in making his computations, both the referee and the plaintiff failed to submit those documents to the court in support of the plaintiff's motion. Consequently, the referee's findings in that regard were not substantially supported by the record (see Bank of N.Y. Mellon v Conforti, 209 AD3d at 946; U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d at 772). Moreover, as the referee failed to identify any documents or other sources upon which he based his finding that the mortgaged premises should be sold in one parcel, that finding is also unsupported by the record (see HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 800; Citimortgage, Inc. v Kidd, 148 AD3d 767, 769).
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, modify the order accordingly, and remit the matter to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court