Deutsche Bank Natl. Trust Co. v Gopaul (2024 NY Slip Op 03679)

Deutsche Bank Natl. Trust Co. v Gopaul

2024 NY Slip Op 03679

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-07561
 (Index No. 722933/21)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Bibi Gopaul, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bibi Gopaul appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 11, 2020. The order and judgment of foreclosure and sale, inter alia, granted that branch of the plaintiff's motion which was to confirm a referee's report, in effect, denied those branches of the defendant Bibi Gopaul's cross-motion which were pursuant to CPLR 5015(a)(3) to vacate an order of the same court (Allan B. Weiss, J.) entered July 25, 2018, granting the plaintiff's unopposed motion, among other things, for leave to enter a default judgment against that defendant and to appoint a referee to compute the amount owed to the plaintiff, and, in effect, to reject the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In January 2007, the plaintiff commenced this action to foreclose a mortgage against the defendant Bibi Gopaul (hereinafter the defendant), among others. In an order entered July 25, 2018, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant and to appoint a referee to compute the amount owed to the plaintiff. In August 2018, the referee issued a report. In October 2019, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In December 2019, the defendant cross-moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the order entered July 25, 2018, and, in effect, to reject the referee's report. In an order and judgment of foreclosure and sale entered February 11, 2020, the court, among other things, granted the plaintiff's motion, in effect, denied those branches of the defendant's cross-motion, and directed the sale of the subject property.
The defendant's contention that the plaintiff misrepresented the procedural history of the action in order to obtain the order entered July 25, 2018, amounts to an allegation of intrinsic fraud (see Bank of Am., N.A. v Anderson, 216 AD3d 890, 891). A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see Bank of Am., N.A. v Anderson, [*2]216 AD3d at 891). Here, while the defendant asserted that she is not in default in the action, she did not offer a reasonable excuse for her failure to oppose the plaintiff's motion, inter alia, for leave to enter a default judgment against her and to appoint a referee to compute the amount owed to the plaintiff. Since the defendant failed to offer a reasonable excuse for her failure to oppose that motion, the Supreme Court properly denied that branch of her cross-motion which was pursuant to CPLR 5015(a)(3) to vacate the order entered July 25, 2018 (see Wilmington Trust, N.A. v Mahone, 207 AD3d 600, 602; HSBC Bank USA v Lozovskiy, 206 AD3d 701, 702). Without a reasonable excuse, it was unnecessary to consider whether she presented a potentially meritorious defense (see Wilmington Trust, N.A. v Mahone, 207 AD3d at 602; HSBC Bank USA v Lozovskiy, 206 AD3d at 702).
CPLR 4403 requires a motion to reject a referee's report to be made within 15 days of the filing of the report, while 22 NYCRR 202.44(a) requires the defendant to move to confirm or reject the report within 30 days after notice of the filing of the report (see HSBC Bank USA, N.A. v Sewell, 198 AD3d 953, 955). Here, as the plaintiff correctly contends, the referee's report was filed on October 18, 2019, when the plaintiff moved, inter alia, to confirm the referee's report. The defendant's cross-motion was filed on December 11, 2019, more than 30 days later. Therefore, that branch of the defendant's cross-motion which was, in effect, to reject the referee's report was untimely (see id.).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to confirm the referee's report and, in effect, denied those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a)(3) to vacate the order entered July 25, 2018, and, in effect, to reject the referee's report.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court