Nationstar Mtge. LLC v O'Brien (2024 NY Slip Op 05258)

Nationstar Mtge. LLC v O'Brien

2024 NY Slip Op 05258

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-0799
[*1]Nationstar Mortgage LLC, Doing Business as Mr. Cooper, Respondent,
v
Terry O'Brien, Appellant, et al., Defendants.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Sandra Poland Demars, Albany, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York City (Adam Weiss of counsel), for respondent.

Pritzker, J.
Appeals (1) from an order of the Supreme Court (Thomas D. Buchanan, J.), entered March 30, 2023 in Schenectady County, which granted plaintiff's motion to confirm the referee's report, and (2) from an order of said court, entered March 31, 2023 in Schenectady County, which, among other things, appointed a referee to compute the amount due to plaintiff.
In 2009, defendant Terry O'Brien (hereinafter defendant) executed a note that was secured by a mortgage on real property located in the City of Schenectady. After defendant failed to make certain monthly installment payments, plaintiff commenced this mortgage foreclosure action by filing a summons and complaint in September 2017. Defendant interposed an answer and counterclaimed that plaintiff did not possess the note and, thus, did not have standing. Thereafter, plaintiff moved for summary judgment; Supreme Court denied the motion, determining that plaintiff failed to establish as a matter of law that it was in possession of the note when it commenced the action.
As a result, Supreme Court assigned the matter to a referee to hear evidence on, among other things, the issue of plaintiff's standing. After hearing the testimony of the sole witness — one of plaintiff's employees — the referee recommended that the court enter a judgment in favor of plaintiff and appoint a referee to compute the amount due, as plaintiff established by a preponderance of the evidence that it was the holder and assignee of the note and mortgage at the time the action was commenced. Plaintiff thereafter filed the referee's report and moved to confirm it, which defendant opposed. The court ultimately confirmed the referee's report, finding, among other things, that the hearing testimony supported the referee's determination. In a second order, the court, among other things, granted judgment against defendant and appointed a referee to compute the amount due to plaintiff. Defendant appeals.
Defendant argues that Supreme Court erred in confirming the referee's report inasmuch as plaintiff did not establish that it had standing because it failed to prove that it possessed the note when it commenced this foreclosure action.[FN1] We disagree. "[T]he report of a referee should be confirmed if the findings therein are supported by the record" (Oropallo v Bank of Am. Home Loans, LP, 162 AD3d 1420, 1422 [3d Dept 2018] [internal quotation marks, brackets and citation omitted]; see Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791 [2d Dept 2017]). "The determination of a referee appointed to hear and report is entitled to great weight, particularly where conflicting testimony and matters of credibility are at issue, and it will not be disturbed if supported by the evidence in the record" (Sutton v Burdick, 135 AD3d 1016, 1018 [3d Dept 2016] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 913 [2016]). "When . . . a defendant raises standing as a defense, the plaintiff is required to establish, 'as a matter [*2]of law, that it had standing to foreclose' " (Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank as Indenture Trustee v Poulin, 225 AD3d 962, 963 [3d Dept 2024], quoting JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020], cert denied 595 US ___, 142 S Ct 110 [2021]). The plaintiff "may establish standing where it is either the holder or assignee of both the note and mortgage when the action is commenced" (Towd Point Mtge. Trust 2015-5, U.S. Natl. Bank as Indenture Trustee v Poulin, 225 AD3d at 963; see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1422 [3d Dept 2021]).
In support of its motion to confirm the referee's report, plaintiff submitted the hearing testimony of Marc Berninger, a senior litigation ambassador and assistant secretary of plaintiff who reviewed the relevant loan documents, as well as a digital copy of the collateral file and its contents, which included copies of the note and mortgage. From 2013, when plaintiff began servicing the account, the file was either in the possession of one of plaintiff's custodians or in its vault. Specifically, Berninger testified that, based on the collateral file's tracking history report, the note was in the possession of plaintiff's custodian when this action was commenced in September 2017. While defendant speculates that entries on plaintiff's collateral file tracking history report demonstrate that another entity became the holder of the note and that plaintiff became the servicer, Berninger's detailed testimony as well as plaintiff's records do not lend any support to this argument. Accordingly, the referee determined that plaintiff established its standing to commence this action and recommended that Supreme Court grant it judgment on the merits and appoint another referee to compute the amount due. Given the foregoing, and according "great weight" to the referee's determination that plaintiff had standing at the time the action was commenced (Sutton v Burdick, 135 AD3d at 1018 [internal quotation marks and citations omitted]), we find that Supreme Court properly confirmed the report and entered judgment on the merits in plaintiff's favor (see Flagstar Bank, F.S.B. v Konig, 153 AD3d at 790-791; see also JPMorgan Chase Bank N.A. v Futterman, 173 AD3d 1496, 1497-1498 [3d Dept 2019]; Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1295-1296 [3d Dept 2014], lv denied 24 NY3d 905 [2014]). Defendant's remaining contentions, to the extent not specifically addressed herein, have been examined and are found to be lacking in merit.
Clark, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: Contrary to plaintiff's contention, defendant's opposition to plaintiff's motion "alert[ed] the court to the alleged errors in the [r]eferee's report" (Sroka v Sroka, 255 AD2d 897, 898 [4th Dept 1998]), and, thus, preserved his right to raise the same objections to the report on appeal (compare HSBC Bank USA, N.A. v Sewell, 198 AD3d 953, 954-955 [2d Dept 2021]).