Bank of N.Y. Mellon v Glasgow (2024 NY Slip Op 05782)

Bank of N.Y. Mellon v Glasgow

2024 NY Slip Op 05782

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-02003
 (Index No. 710921/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Patricia Glasgow, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patricia Glasgow appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered January 23, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm so much of a referee's report as computed the amount due in principal and interest on the note and found that the subject premises should be sold in one parcel and for a judgment of foreclosure and sale, confirmed those portions of the referee's report, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to confirm so much of the referee's report as computed the amount due in principal and interest on the note and found that the subject premises should be sold in one parcel and for a judgment of foreclosure and sale are denied, those portions of the referee's report are rejected, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The plaintiff commenced this action against the defendant Patricia Glasgow (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain residential property located in Queens. In an order dated January 28, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In support of its motion, the plaintiff submitted the report of the referee, who relied upon an affidavit of Cynthia Wallace, an officer of Specialized Loan Servicing, LLC (hereinafter SLS), the plaintiff's loan servicer. Wallace attested that she was familiar with SLS's records and record-keeping practices and averred to the total amount due, including the unpaid principal balance and accrued interest. Wallace, however, did not attach any business records to her affidavit regarding the amount due in principal and interest on the note. The referee computed the amount due consistent with Wallace's conclusions and found that the premises should be sold in one parcel.
In an order and judgment of foreclosure and sale entered January 23, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm so much of the referee's report as computed the amount due in principal and interest on the note and found that the premises should be sold in one parcel and for a judgment of foreclosure and sale, [*2]confirmed those portions of the referee's report, and directed the sale of the premises. The defendant appeals.
The Supreme Court erred in confirming the referee's findings regarding the amount due in principal and interest on the note and that the premises should be sold in one parcel. The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 936; Pennymac Corp. v Pryce, 211 AD3d 1029, 1030). Computations based upon a review of unidentified and unproduced business records, however, constitute inadmissible hearsay and lack probative value (see U.S. Bank N.A. v Jong Shin, 224 AD3d at 936; Ridgewood Sav. Bank v Kapoor, 222 AD3d 797, 798).
Here, as the defendant correctly contends, the referee's findings with respect to the amount due in principal and interest on the note were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records (see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 838; Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1561; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). Moreover, while the referee's report found that the premises should be sold in one parcel, as the referee failed to identify the documents or other sources upon which he relied, that finding is also unsupported by the record (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d at 1561; Citimortgage, Inc. v Kidd, 148 AD3d at 769).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm so much of the referee's report as computed the amount due in principal and interest on the note and found that the premises should be sold in one parcel and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff and the entry of an appropriate amended judgment thereafter.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court