Trust v Campbell (2022 NY Slip Op 00845)





Trust v Campbell


2022 NY Slip Op 00845


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-13392
 (Index No. 23109/13)

[*1]Christiana Trust, etc., respondent, 
v
Alfred Campbell, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for appellant.
Kosterich & Skeete, LLC, Tuckahoe, NY (Rajdai D. Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alfred Campbell appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Ernest Hart, J.), dated May 16, 2018. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff in accordance herewith.
The plaintiff commenced this action against the defendant Alfred Campbell (hereinafter the defendant), among others, to foreclose a mortgage secured by real property located in Queens. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference, and the defendant opposed the motion. By order dated September 22, 2016, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
On May 1, 2017, the referee issued a report, and the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale dated May 16, 2018, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the failure of the referee to conduct a hearing does not require reversal of the order and judgment of foreclosure and sale in this matter, since the defendant had the opportunity to submit relevant evidence to the Supreme Court (see Hartford Funding, Ltd. v Harris, 193 AD3d 1035, 1036; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770).
The defendant correctly contends, however, that the referee's report was not [*2]substantially supported by the record. The report was based in significant part on the affidavit of Elizabeth A. Ostermann, a vice president for Carrington Mortgage Services, LLC (hereinafter Carrington), the purported "servicer and attorney-in-fact" for the plaintiff. However, Ostermann did not set forth when Carrington began servicing the loan and did not provide a power of attorney appointing it as attorney-in-fact (see Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681). Moreover, Ostermann did not state that "she was personally familiar with the record-keeping practices and procedures" at Carrington (IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725, 727).
Furthermore, computations based on the "review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621; see Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561; U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Here, the plaintiff did not submit the business records upon which Ostermann purportedly relied in computing the total amount due on the mortgage. Consequently, the referee's findings in that regard were not substantially supported by the record (see Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 788; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689).
Finally, the record shows that the plaintiff failed to establish that a copy of the summary judgment order and order of reference with notice of entry was properly served on the defendant (see Wells Fargo Bank, N.A. v Frierson, 150 AD3d 1045, 1046).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff in accordance herewith.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court