HSBC Bank USA, N.A. v Chowdhury (2022 NY Slip Op 02397)

HSBC Bank USA, N.A. v Chowdhury

2022 NY Slip Op 02397

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-04797
2019-07726
 (Index No. 14749/09)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Shameem Chowdhury, appellant, et al., defendants. Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellant.

Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph S. Jacobs of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Shameem Chowdhury appeals from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 24, 2018, and (2) an order of the same court dated May 8, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated May 31, 2017, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Shameem Chowdhury and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The order dated May 8, 2019, denied the motion of the defendant Shameem Chowdhury to dismiss the complaint insofar as asserted against him.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Shameem Chowdhury (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property in Brooklyn. The defendant joined issue by serving an answer. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. By order dated May 31, 2017, the Supreme Court granted the plaintiff's motion, without opposition, and appointed a referee to compute the amount due to the plaintiff. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale dated October 24, 2018, the court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. Thereafter, the defendant moved to dismiss the complaint insofar as asserted against him. In an order dated May 8, 2019, the court denied the defendant's motion. [*2]The defendant appeals from the order and judgment of foreclosure and sale and the order dated May 8, 2019.
Insofar as the defendant contends that the Supreme Court, in the order dated May 31, 2017, should not have granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, he is precluded, on appeal, from challenging the propriety of that order, having failed to oppose that motion (see CPLR 5511; Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142; Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911, 911).
Furthermore, in the order dated May 8, 2019, the Supreme Court properly denied the defendant's motion to dismiss the complaint insofar as asserted against him. In order to obtain such relief, the defendant was first obligated to seek vacatur of his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference. A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1], [3]; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 991). Here, the defendant failed to set forth any excuse for his default. In the absence of a reasonable excuse, it was unnecessary for the court to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious opposition to the motion (see Garcia v Shaw, 118 AD3d 943).
The defendant's remaining contentions either need not be addressed in light of our determination or are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court