Bank of N.Y. Mellon v Conforti (2022 NY Slip Op 05973)

Bank of N.Y. Mellon v Conforti

2022 NY Slip Op 05973

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-14301
 (Index No. 610173/18)

[*1]Bank of New York Mellon, etc., respondent,
v
Patricia L. Conforti, etc., et al., defendants, 35 Pleasure, LLC, appellant.

Irwin Popkin, Melville, NY, for appellant.
Woods Oviatt Gilman, LLP, Rochester, NY (Yimell M. Suarez Abreu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 35 Pleasure, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered November 18, 2019. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated May 15, 2019, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference and denying that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and upon an order of the same court dated November 6, 2019, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order dated November 6, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
In June 2005, the defendant Patricia L. Conforti borrowed the sum of $375,060 from the plaintiff's alleged predecessor in interest. The loan was memorialized by a note and secured by a mortgage on certain real property in Miller Place (hereinafter the subject property). Conforti allegedly defaulted under the terms of the note and mortgage by failing to make the payments of principal and interest due December 1, 2009, and thereafter.
In December 2011, the plaintiff commenced an action against Conforti, among others, to foreclose the mortgage (hereinafter the 2011 action). In June 2014, Conforti transferred title to the subject property to the defendant 35 Pleasure, LLC (hereinafter 35 Pleasure). In December 2014, the Supreme Court granted the plaintiff's motion to voluntarily discontinue the 2011 action, and the [*2]plaintiff commenced a second action to foreclose the mortgage against Conforti, among others (hereinafter the 2014 action). Approximately one year later, however, the plaintiff voluntarily discontinued the 2014 action.
In May 2018, the plaintiff commenced the instant foreclosure action. 35 Pleasure interposed an answer with various affirmative defenses and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against 35 Pleasure and for an order of reference. 35 Pleasure opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim. The plaintiff opposed the cross motion. In an order dated May 15, 2019, the Supreme Court granted the plaintiff's motion and denied 35 Pleasure's cross motion. In a second order, also dated May 15, 2019, the court granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. In June 2019, the referee issued a report of the amount due. The plaintiff then moved to confirm the referee's report and for leave to enter a judgment of foreclosure and sale. 35 Pleasure opposed the motion. In an order dated November 6, 2019, the court granted the plaintiff's motion. By order and judgment of foreclosure and sale entered November 18, 2019, the court, inter alia, confirmed the referee's report, and directed the sale of the subject property. 35 Pleasure appeals.
Initially, we note that 35 Pleasure's prior appeals from the orders dated May 15, 2019, were deemed dismissed pursuant to the rules of the Appellate Division for failure to timely perfect (see Rules of App Div, All Depts [22 NYCRR] § 1250.10[a]). Although as a general rule we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Under the circumstances of this case, we exercise our discretion to determine the issues raised in connection with the appeals from the orders dated May 15, 2019, on the instant appeal from the order and judgment of foreclosure and sale (see Roos v King Constr., 179 AD3d 857; Solomon v Green Bay Sanitation Corp., 164 AD3d 854, 854-855; Saunders v Tarsia, 124 AD3d 620).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). Acceleration may occur, inter alia, by the commencement of a foreclosure action (see U.S. Bank, N.A. v DeGroat, 186 AD3d 1454, 1455; Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070). "[W]here acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32; see U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204).
Here, contrary to the Supreme Court's determination, 35 Pleasure, as the owner of the subject property at the time this action was commenced, had standing to assert a statute of limitations defense (see Deutsche Bank Natl. Trust Co. v MacPherson, 200 AD3d 647; U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483). Nevertheless, the plaintiff submitted evidence that the 2011 action was voluntarily discontinued in December 2014. Similarly, the 2014 action was voluntarily discontinued in or about November 2015. The voluntary discontinuance of the 2011 and 2014 actions constituted an affirmative act of revocation of those accelerations (see Freedom Mtge. Corp. v Engel, 37 NY3d at 31-32; Pryce v Nationstar Mtge., LLC, 193 AD3d 999). Accordingly, the plaintiff established, prima facie, that the instant action was not time-barred. In opposition to the plaintiff's motion, 35 Pleasure failed to raise a triable issue of fact and, in support of its cross motion, failed to establish, prima facie, that the instant action was time-barred.
Contrary to 35 Pleasure's contention, it lacked standing to assert a defense based on the plaintiff's alleged failure to comply with the notice of default provisions of the mortgage (see Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 791; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024).
Furthermore, the plaintiff established, prima facie, its standing to commence this action by annexing a copy of the note, endorsed in blank, to the summons and complaint (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953-954; US Bank N.A. v Coppola, 156 AD3d 934, 935). In opposition to the plaintiff's motion, 35 Pleasure failed to raise a triable issue of fact and, in support of its cross motion, failed to establish, prima facie, the plaintiff's lack of standing as a matter of law (see U.S. Bank N.A. v Mezrahi, 169 AD3d at 954; US Bank N.A. v Coppola, 156 AD3d at 935).
Nevertheless, as 35 Pleasure correctly contends, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682 [internal quotation marks omitted]; see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). However, computations based on the "review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621; see Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561; U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Although the plaintiff contends that the referee's report was supported by the affidavit of an employee of its loan servicer, the plaintiff did not submit the business records upon which that employee purportedly relied in computing the total amount due on the mortgage. Consequently, the referee's findings in that regard were not substantially supported by the record (see Trust v Campbell, 202 AD3d 750, 751; Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 788; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and the matter must be remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court