Nationstar Mtge., LLC v Douglas (2023 NY Slip Op 03798)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Nationstar Mtge., LLC v Douglas

2023 NY Slip Op 03798

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-11998
(Index No. 705891/16)

[*1]Nationstar Mortgage, LLC, respondent, 
vFaye Douglas, et al., appellants, et al., defendants.

Alice A. Nicholson, Brooklyn, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Faye Douglas and Martine Douglas appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered August 21, 2019. The order and judgment of foreclosure and sale, upon orders of the same court dated April 11, 2018, and September 20, 2018, respectively, granting those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against the defendant Faye Douglas, to strike that defendant's answer, for a default judgment against the defendant Martine Douglas, and for an order of reference, an order of the same court dated August 8, 2018, denying the motion of the defendants Faye Douglas and Martine Douglas for summary judgment dismissing the complaint insofar as asserted against them as time-barred, and an order of the same court dated January 17, 2019, granting those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal by the defendant Martine Douglas is dismissed, as no appeal lies from an order or judgment entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed on the appeal by the defendant Faye Douglas, on the law, those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale are denied, the order dated January 17, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Faye Douglas.
In May 2016, the plaintiff commenced this action against the defendants Faye Douglas (hereinafter Faye) and Martine Douglas (hereinafter Martine) (hereinafter together the defendants), among others, to foreclose a mortgage on certain property in South Richmond Hill. [*2]Faye interposed an answer in which she asserted various affirmative defenses. Martine did not interpose an answer.
In November 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Faye, to strike her answer, and for an order of reference. Faye failed to oppose the motion and never moved to vacate her default. In March 2018, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.
In two orders dated April 11, 2018, and September 20, 2018, respectively, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against Faye, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. In an order dated August 8, 2018, the court denied the defendants' motion.
In October 2018, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. In an order dated January 17, 2019, the Supreme Court granted the motion. Thereafter, the court issued an order and judgment of foreclosure and sale entered August 21, 2019, confirming the referee's report and directing the sale of the subject property. The defendants appeal.
The appeal by Martine must be dismissed as no appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511).
Faye contends that the plaintiff's motion, inter alia, for summary judgment should have been denied. However, since she failed to vacate her default in opposing the plaintiff's motion, Faye is precluded, on appeal, from challenging the propriety of the orders dated April 11, 2018, and September 20, 2018, granting that motion (see CPLR 5511; HSBC Bank USA, N.A. v Chowdhury, 204 AD3d 764, 765; Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142, 1143; Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911, 911). For the same reason, Faye was not entitled to the relief sought in the defendants' summary judgment motion (see HSBC Bank USA, N.A. v Chowdhury, 204 AD3d at 765; Wells Fargo Bank, N.A. v Calvin, 203 AD3d 994, 995).
However, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). However, computations based on the "review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621; see Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561).
As Faye correctly contends, the referee's report was improperly premised upon unproduced business records. In support of its motion, the plaintiff submitted the affidavit of its employee Tracy Armstrong. However, the record does not reflect that the plaintiff submitted the business records on which Armstrong relied in computing the total amount due on the mortgage, as well as payments for taxes, insurance, and other advances. Therefore, the referee's findings were not substantially supported by the record (see Bank of N.Y. Mellon v Conforti, 209 AD3d at 946; Christiana Trust v Campbell, 202 AD3d 750, 751).
The defendants' remaining contentions are without merit, improperly raised for the first time on appeal, or not properly before this Court.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Queens County, for a new report [*3]computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403, and the entry of an appropriate amended judgment thereafter.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court