U.S. Bank N.A. v Jong Shin (2024 NY Slip Op 01029)

U.S. Bank N.A. v Jong Shin

2024 NY Slip Op 01029

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-03200
2020-03395
 (Index No. 20977/07)

[*1]U.S. Bank National Association, respondent, 
v
Jong Shin, appellant, et al., defendants.

Alice A. Nicholson, Brooklyn, NY (Biolsi Law Group P.C. [Steven Alexander Biolsi], of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jong Shin appeals from (1) an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered January 16, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered January 27, 2020. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate her default in answering the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The order and judgment of foreclosure and sale, upon an order of the same court entered June 25, 2018, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered January 16, 2019, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the order entered June 25, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff in accordance herewith.
In 2007, the plaintiff commenced this action against the defendant Jong Shin (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Queens. The defendant did not answer the complaint. In an order entered April 7, 2009, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference. In November 2017, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant filed a pro se notice of appearance and opposed the motion. The court denied those branches of the motion with leave to renew. In March 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant [*2]filed a second pro se notice of appearance and opposed the motion. In an order entered June 25, 2018, the court granted the motion.
In September 2018, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate her default in answering the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order entered January 16, 2019, the Supreme Court denied the motion. The defendant appeals from that order. In an order and judgment of foreclosure and sale entered January 27, 2020, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale.
The appeal from the order entered January 16, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon that defendant, and, in the absence of an objection to jurisdiction by way of a motion or answer, the appearance confers personal jurisdiction over that defendant (see CPLR 320[b]; Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 770; Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140). In addition to the formal appearances listed in CPLR 320(a), "a defendant may appear informally by actively litigating the action before the court" (Taveras v City of New York, 108 AD3d 614, 617; see Henderson v Henderson, 247 NY 428, 433; Travelon, Inc. v Maekitan, 215 AD3d 710, 712). Here, the defendant waived the defense of lack of personal jurisdiction by filing a notice of appearance and opposing the plaintiff's motions, inter alia, to confirm the referee's report without simultaneously asserting an affirmative objection to jurisdiction (see HSBC Bank USA, N.A. v Whitelock, 214 AD3d 855, 856; JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686-687; Taveras v City of New York, 108 AD3d at 617-618). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate her default in answering the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
However, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). "However, computations based on the review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Bank of N.Y. Mellon v Conforti, 209 AD3d at 946 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Douglas, 218 AD3d 599, 601; Christiana Trust v Campbell, 202 AD3d 750, 751).
As the defendant correctly contends, the referee's report was improperly premised upon unproduced business records. In support of its motion, the plaintiff submitted an affidavit from an employee of the plaintiff, An Dang, which the referee relied upon in computing the amount due to the plaintiff. However, the record does not reflect that the plaintiff submitted the business records upon which An Dang or the referee relied in computing the total amount due on the mortgage, as well as payments for taxes, insurance, and other advances. Therefore, the referee's findings were not substantially supported by the record (see Nationstar Mtge., LLC v Douglas, 218 AD3d at 601; Bank of N.Y. Mellon v Conforti, 209 AD3d at 946; Christiana Trust v Campbell, 202 AD3d at 751). Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court