Wells Fargo Bank, N.A. v Daniel (2024 NY Slip Op 05000)

Wells Fargo Bank, N.A. v Daniel

2024 NY Slip Op 05000

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-04949
 (Index No. 12930/09)

[*1]Wells Fargo Bank, N.A., etc., appellant,
v
Brenth Daniel, respondent, et al., defendants.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for appellant.
Villanti Law Group LLC, Brooklyn, NY (Christopher Villanti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 28, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and granted the motion of the defendant Brenth Daniel to toll the accrual of interest on the subject mortgage loan to the extent of tolling the accrual of interest from November 12, 2010, to January 24, 2014, and from November 21, 2014, to August 3, 2017.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2009, the plaintiff's predecessor in interest commenced this action against the defendant Brenth Daniel (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant did not answer the complaint. In January 2019, the Supreme Court issued an order of reference.
The plaintiff subsequently moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to dismiss the complaint insofar as asserted against him and separately moved to toll the accrual of interest on the subject mortgage loan based on the plaintiff's prolonged delay in the prosecution of the action. In an order dated April 28, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion and granted the defendant's motion to toll the accrual of interest on the mortgage loan to the extent of tolling the accrual of interest from November 12, 2010, to January 24, 2014, and from November 21, 2014, to August 3, 2017. The plaintiff appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946). "However, computations based on the review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Bank of N.Y. Mellon v Conforti, 209 AD3d at 946 [internal quotation marks omitted]; see U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 936).
Here, the referee's report was improperly premised upon unproduced business records. In support of its motion, the plaintiff submitted an affidavit of Ron McMahan, an employee of American Mortgage Investment Partners Management, LLC, the "attorney-in-fact for the named [p]laintiff's assignee . . . the current holder of the Note and Mortgage," which the referee relied upon in computing the amount due to the plaintiff. However, the record does not reflect that the plaintiff submitted the business records upon which McMahan or the referee relied in computing the amount due to the plaintiff. Therefore, the referee's findings were not substantially supported by the record (see U.S. Bank N.A. v Jong Shin, 224 AD3d at 936; Nationstar Mtge., LLC v Douglas, 218 AD3d 599, 601; Bank of N.Y. Mellon v Conforti, 209 AD3d at 946). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
The plaintiff contends that the Supreme Court erred in tolling the accrual of interest on the mortgage loan because the defendant failed to establish that the plaintiff engaged in any wrongful conduct or egregious actions that would warrant such relief. However, the plaintiff's contention is without merit. "A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Bank of N.Y. Mellon v George, 186 AD3d 661, 663; see GMAC Mtge., LLC v Yun, 206 AD3d 798). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see GMAC Mtge., LLC v Yun, 206 AD3d at 798). Thus, a court in a mortgage foreclosure action has the authority to toll the accrual of interest on a mortgage loan where a party engages in wrongful conduct (see e.g. LaSalle Bank, N.A. v Dono, 135 AD3d 827, 829; Norwest Bank Minn., NA v E.M.V. Realty Corp., 94 AD3d 835, 836-837; Dayan v York, 51 AD3d 964, 965), such as, for instance, where the plaintiff-mortgagee fails to negotiate a loan modification in good faith (see LaSalle Bank, N.A. v Dono, 135 AD3d at 829; US Bank N.A v Williams, 121 AD3d 1098, 1102).
However, contrary to the plaintiff's contention, a court's authority to toll the accrual of interest is not limited to situations where the conduct at issue is deemed wrongful. Rather, a tolling of interest may be appropriate where there has been an "unexplained delay in prosecution of a mortgage foreclosure action" (GMAC Mtge., LLC v Yun, 206 AD3d at 799 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Armstrong, 218 AD3d 738, 739; U.S. Bank, N.A. v Peralta, 191 AD3d 924, 926; Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004, 1005; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935; Danielowich v PBL Dev., 292 AD2d 414, 415). Further, a plaintiff should not benefit financially, in the form of accrued interest, from an unexplained delay in the prosecution of a mortgage foreclosure action caused by its predecessor in interest (see Greenpoint Mtge. Corp. v Lamberti, 155 AD3d at 1005).
In the present case, the plaintiff failed to explain the delay in prosecuting this action that occurred from November 12, 2010, when the plaintiff's predecessor in interest withdrew its first motion for an order of reference, to January 24, 2014, when the plaintiff's predecessor in interest moved, inter alia, to restore the action to the active calendar. Additionally, the plaintiff failed to adequately explain the delay that occurred between November 21, 2014, when the Supreme Court denied the second motion of the plaintiff's predecessor in interest for an order of reference, and August 3, 2017, when the plaintiff's predecessor in interest moved to vacate an order dated July 26, 2016, directing dismissal of the complaint, which motion was granted in an order dated September 27, 2017. Accordingly, in light of these extensive, unexplained delays, the court providently exercised its discretion in granting the defendant's motion to toll the accrual of interest on the mortgage loan to the extent of tolling the accrual of interest during those periods (see Deutsche Bank Natl. Trust Co. v Armstrong, 218 AD3d at 739; GMAC Mtge., LLC v Yun, 206 AD3d at 799; U.S. Bank, N.A. v Peralta, 191 AD3d at 926).
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court