Deutsche Bank Natl. Trust Co. v Quaranta (2024 NY Slip Op 05090)

Deutsche Bank Natl. Trust Co. v Quaranta

2024 NY Slip Op 05090

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-01916
2021-01917
 (Index No. 38751/09)

[*1]Deutsche Bank National Trust Co., etc., respondent,
v
Joseph Quaranta, et al., appellants, et al., defendants.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Quaranta and Donna Quaranta appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated September 1, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 9, 2020. The order, insofar as appealed from, granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendants Joseph Quaranta and Donna Quaranta.
The plaintiff commenced this action against the defendants Joseph Quaranta and Donna Quaranta (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Manorville. The Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference and referred the matter to a referee to compute the amount due on the loan. A computation hearing was held before a referee, and, in a report dated December 26, 2018, the referee determined the amount due to the plaintiff. The plaintiff subsequently moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. By order dated September 1, 2020, the court, inter alia, granted the plaintiff's motion. By order and judgment of foreclosure and sale entered September 9, 2020, the court, among other things, granted the same [*2]relief to the plaintiff and directed the sale of the property. The defendants appeal.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). Here, the referee computed the amount due to the plaintiff based upon the testimony of the plaintiff's sole witness, which was made upon examination of the note and mortgage and an affidavit of merit and amounts due that listed the amounts due as of September 2017 and the interest rate, as well as the taxes and insurance paid on the defendants' account. However, the testimony of the plaintiff's witness lacked probative value because, as the defendants contend, the affidavit of merit's affiant did not produce any of the business records she purportedly relied upon in making the calculations set forth in her affidavit (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1561; U.S. Bank N.A. v Barton, 207 AD3d 496, 498; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197). Moreover, insofar as the referee based her computations upon her review of certain pre- and post-hearing submissions of the plaintiff's counsel to which the plaintiff annexed certain payment records and invoices, those payment records were not offered in admissible form, as the plaintiff's counsel did not allege personal knowledge of the record-keeping practices and procedures of the entity that created those payment records. Since the plaintiff failed to lay the proper foundation for the admission of the payment records into evidence, those records do not constitute admissible evidence (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 210). Accordingly, the referee's computations with respect to the total amount due were not substantially supported by the record, and the Supreme Court, in confirming the referee's report, should not have relied upon them (see Wilmington Sav. Fund Soc., FSB v Mehraban, 192 AD3d 1066).
Under the circumstances, the Supreme Court should have denied the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, and the matter should be remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The defendants' remaining contention is without merit.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court