Deutsche Bank Natl. Trust Co. v Light (2025 NY Slip Op 01078)

Deutsche Bank Natl. Trust Co. v Light

2025 NY Slip Op 01078

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-01039
 (Index No. 3747/14)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Alan Light, et al., appellants, et al., defendants.

Elkanna S. Light, New York, NY, for appellants.
Houser LLP, New York, NY (Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Alan Light and Yoni Light appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered December 8, 2022. The order, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, in effect, upon reargument, adhered to a prior determination in an order of the same court (Thomas A. Adams, J.) dated July 21, 2017, granting those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants Alan Light and Yoni Light, to strike their answer, and for an order of reference, and denied those branches of those defendants' cross-motion which were for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, and for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order entered December 8, 2022, is modified, on the law, by deleting the provision thereof granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying the motion and rejecting the referee's report; as so modified, the order entered December 8, 2022, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith.
The plaintiff commenced this action against the defendants Alan Light and Yoni Light (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Seaford. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion, arguing, among other things, that the plaintiff failed to strictly comply with RPAPL 1304. In an order dated July 21, 2017, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appealed from that order, but the appeal was dismissed for failure to perfect.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved for leave to renew and, in effect, reargue their opposition to those branches of the plaintiff's prior motion which were for [*2]summary judgment on the complaint insofar as asserted them, to strike their answer, and for an order of reference, and for summary judgment dismissing the complaint insofar as asserted against them. In an order entered December 8, 2022, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, in effect, granted reargument and, upon reargument, adhered to the prior determination granting those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied those branches of the defendants' cross-motion which were for leave to renew and for summary judgment dismissing the complaint insofar as asserted against them. The defendants appeal.
As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Here, the defendants appealed from the order granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, but failed to timely perfect the appeal, resulting in its dismissal (see 22 NYCRR 1250.10[a]). Insofar as the defendants presently seek review of the Supreme Court's determination upon reargument to adhere to its determination in that prior order, which rejected the defendants' present contentions, including their argument that the plaintiff failed to establish its strict compliance with RPAPL 1304, the defendants could have raised those contentions on the earlier appeal. We decline to exercise our jurisdiction to consider those issues here (see JPMorgan Chase Bank, N.A. v Morton, 226 AD3d 665; Pennymac Corp. v Pryce, 211 AD3d 1029, 1030).
Contrary to the plaintiff's contention, the dismissal of the defendants' earlier appeal for failure to perfect does not preclude our review of so much of the order entered December 8, 2022, as denied that branch of the defendants' cross-motion which was for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, as that branch of the cross-motion was based upon new evidence that could not have been raised on the prior appeal. However, the Supreme Court providently exercised its discretion in denying renewal.
"A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455). Pursuant to CPLR 2221(e)(2), a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination." Here, the defendants failed to demonstrate that the new evidence submitted in support of their cross-motion would have changed the prior determination with respect to the mailing of a 30-day notice of default (see HSBC Bank USA, N.A. v Hayon, 225 AD3d 842; Dual-Purpose Corp. v Hadjandreas, 203 AD3d 1134, 1138).
Nevertheless, the defendants correctly contend that the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). "However, computations based on the review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Bank of N.Y. Mellon v Conforti, 209 AD3d at 946 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Douglas, 218 AD3d 599, 601; Christiana Trust v Campbell, 202 AD3d 750, 751).
As the defendants correctly contend, the referee's report was improperly premised upon unproduced business records. In support of its motion, the plaintiff submitted an affidavit of indebtedness from Rory McGowan, which the referee relied upon in computing the amount due to the plaintiff. However, the record does not reflect that the plaintiff submitted the business records upon which McGowan or the referee relied in computing the total amount due on the mortgage. Therefore, the referee's findings were not substantially supported by the record (see Nationstar [*3]Mtge., LLC v Douglas, 218 AD3d at 601; Bank of N.Y. Mellon v Conforti, 209 AD3d at 946; Christiana Trust v Campbell, 202 AD3d at 751).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith.
The parties' remaining contentions are either not properly before this Court or without merit.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court