National City Mtge. Co. v Wercberger (2025 NY Slip Op 04488)

National City Mtge. Co. v Wercberger

2025 NY Slip Op 04488

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-00372
2023-00373
 (Index No. 15409/07)

[*1]National City Mortgage Co., respondent, 
v
Joel Wercberger, et al., defendants; Berish Welz, intervenor- appellant.

Law Office of Samuel Katz, PLLC, Brooklyn, NY, for intervenor-appellant.
McGlinchey Stafford, PLLC, New York, NY (Mikelle V. Bliss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Berish Welz, appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 4, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated November 4, 2022. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the intervenor, Berish Welz.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In May 2007, the plaintiff commenced this action against the defendant Joel Wercberger, among others, to foreclose a mortgage on certain real property located in Brooklyn. An order and judgment of foreclosure and sale was issued on December 14, 2009. In October 2010, Berish Welz moved, inter alia, for leave to intervene in the action as the equitable owner of the property and to vacate the order and judgment of foreclosure and sale. In an order dated May 18, [*2]2011, the Supreme Court granted the motion.
In an order dated February 26, 2020, the Supreme Court granted the plaintiff's motion, among other things, for an order of reference and appointed a referee to compute the amount due to the plaintiff. The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. Welz opposed the motion. In an order dated November 4, 2022, the court granted the motion, and in an order and judgment of foreclosure and sale also dated November 4, 2022, the court granted the motion, confirmed the referee's report, and directed the sale of the property. Welz appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Wells Fargo Bank, N.A. v Daniel, 231 AD3d 899, 900 [internal quotation marks omitted]). Here, the referee's report failed to satisfy those requirements.
In computing the amount due, the referee relied upon an affidavit of merit from an authorized signer of PNC Bank, National Association (hereinafter PNC). Although the referee stated in his report that PNC was the plaintiff's servicer, the documents in the record indicate that the plaintiff and PNC merged into one entity. Although the authorized signer stated in her affidavit that she was personally familiar with the record-keeping practices and procedures of PNC, her employer, she did not state that "she was personally familiar with the record-keeping practices and procedures" of the plaintiff (Christiana Trust v Campbell, 202 AD3d 750, 751 [internal quotation marks omitted]) or that the records of any other entity, such as the plaintiff or a prior loan servicer, "were provided to [PNC] and incorporated into [PNC's] own records, that [PNC] routinely relied upon such records in its business, or that she had personal knowledge of business practices and procedures of any other relevant entity" (CitiBank, N.A. v Milord-Jean-Gille, 233 AD3d 750, 751). Consequently, the affidavit did not provide a proper foundation for the business records allegedly submitted with the affidavit. Further, although business records are included in the record, the referee stated that the documents submitted by the plaintiff were the authorized signer's affidavit "and annexed exhibit: copies of Mortgage and Note," and the referee did not refer to the business records.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter (see IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725, 727).
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court