Hong Kong Capital Group, LLC v 4-Way Group, LLC
2026 NY Slip Op 03782
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Hong Kong Capital Group, LLC, appellant,
v
4-Way Group, LLC, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-10213, (Index No. 135481/15)
Mark C. Dillon, J.P.
Angela G. Iannacci
Deborah A. Dowling
James P. McCormack, JJ.

Allyn J. Crawford Law PLLC, Staten Island, NY (John W. Pilkington of counsel), for appellant.
Howard M. File, Staten Island, NY, for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated August 19, 2024. The order denied the plaintiff's motion to reject a referee's report and granted the cross-motion of the defendants 4-Way Group, LLC, John J. Buono, and Diane Buono to confirm the referee's report.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to foreclose a mortgage on certain real property located in Staten Island against, among others, the defendants 4-Way Group, LLC, John J. Buono, and Diane Buono (hereinafter collectively the defendants). Thereafter, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In a report dated August 2, 2022, after a hearing, a referee declined to make a determination on the amount of interest, default interest, and late fees owed under the note in light of the referee's determination that the documents submitted by the plaintiff at the hearing in support of its interest calculations were inadmissible as business records. The plaintiff moved to reject the referee's report. The defendants cross-moved to confirm the referee's report. In an order dated August 19, 2024, the court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Matter of DeStefano v Law Offs. of William Pager, 232 AD3d 788, 789 [internal quotation marks omitted]; see Citimortgage, Inc. v Kidd, 148 AD3d 767, 768). "[C]omputations based on the review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946 [internal quotation marks omitted]; see Christiana Trust v Campbell, 202 AD3d 750, 751).
Here, the testimony of the plaintiff's witness at the hearing was based on certain unidentified or unproduced documents that failed to meet the requirements for admission as business records pursuant to CPLR 4518(a). The referee therefore properly declined to consider computations [*2]based on those business records, as they constituted inadmissible hearsay. Thus, the referee's report was substantially supported by the record (see U.S. Bank N.A. v Moschetta, 216 AD3d 848, 849).
Accordingly, we affirm the order denying the plaintiff's motion to reject the referee's report and granting the defendants' cross-motion to confirm the referee's report.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court